Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile:  (702) 471-7070
vigila@ballardspahr.com
sempers@ballarspahr.com

*Attorneys for JPMorgan Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br>vs.<br><br>SBW INVESTMENT, LLC, a Utah limited liability company; SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company;<br>YORK VILLAGE COMMUNITY ASSOCIATION, a Nevada non-profit corporation; NEVADA ASSOCIATION SERVICES, a Nevada corporation<br><br>Defendants. | Case No. 2:16-cv-02012-JCM-VCF<br><br>**PLAINTIFF/COUNTER-DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO DEFENDANT/COUNTERCLAIMANT SFR INVESTMENTS POOL 1, LLC'S COUNTERCLAIM** |
| SFR INVESTMENTS POOL 1, LLC,<br><br>Counter/Cross-Claimant<br>vs.<br><br>JPMORGAN CHASE BANK, N.A., and LASHAUN L. POLK,<br><br>Counter/Cross-Defendants. | |

Plaintiff/Counter-Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its counsel of record, Ballard Spahr LLP, hereby answers the Counterclaim (ECF No. 17) filed by Defendant/Counterclaimant SFR Investment Pool 1, LLC's Counterclaim ("SFR") as follows:

## I. PARTIES

1. Chase denies that SFR is the current title owner of the Property. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 1 of the Counterclaim and therefore denies them.

2. Chase admits the allegations of Paragraph 2 of the Counterclaim.

3. Chase is without sufficient information to admit or deny the allegations of Paragraph 3 of the Counterclaim and therefore denies them.

## II. GENERAL ALLEGATIONS

4. Chase denies that SBW acquired valid title to the Property at the non-judicial foreclosure of a purported homeowners' association lien containing purported super priority amounts. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 4 of the Counterclaim and therefore denies them.

5. Chase submits that NRS 116.3116 *et seq.* speaks for itself and denies the allegations of Paragraph 5 to the extent they misstate the statutes' terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 5 of the Counterclaim and therefore denies them.

6. Chase submits that the trustee's deed upon sale recorded on the Property as Instrument No. 201208300002718 ("Foreclosure Deed") is a public record that speaks for itself. Chase denies any allegation in Paragraph 6 of the Counterclaim that is inconsistent with this record.

7. Chase submits that the grant bargain sale deed recorded on the Property as Instrument No. 201304050002718 is a public record that speaks for itself. Chase denies any allegation in Paragraph 7 of the Counterclaim that is inconsistent with this record.

8. Chase submits that the grant bargain sale deed recorded on the

Property as Instrument No. 201306260004742 is a public record that speaks for itself. Chase denies any allegation in Paragraph 8 of the Counterclaim that is inconsistent with this record.

9. Chase is without sufficient information to admit or deny the allegations of Paragraph 9 of the Counterclaim and therefore denies them.

10. Chase submits that NRS 116.3116(1) speaks for itself and denies the allegations of Paragraph 10 of the Counterclaim to the extent they misstate the statute's terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution. Chase further submits that the CC&Rs recorded on the Property as Instrument No. 200611280004064 is a public record that speaks for itself. Chase denies any allegation in Paragraph 10 of the Counterclaim that is inconsistent with these records. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 10 of the Counterclaim and therefore denies them.

11. Chase submits that NRS 116.3116 and 116.21162-116.31168 speak for themselves and denies the allegations of Paragraph 11 of the Counterclaim to the extent they misstate the statutes' terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution. Chase further submits that the CC&Rs and Notice of Delinquent Assessments recorded on the Property as Instrument No. 200611280004064 and Instrument No. 200906170001836 are public records that speak for themselves. Chase denies any allegation in Paragraph 11 of the Counterclaim that is inconsistent with these records. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 11 of the Counterclaim and therefore denies them.

12. Chase submits that the Foreclosure Deed is a public record that speaks for itself. Chase denies the remaining allegations of Paragraph 12 of the Counterclaim.

13. Chase submits that NRS 116 speaks for itself and denies the

3

allegations of Paragraph 13 of the Counterclaim to the extent they misstate the statute's terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution. Chase denies the remaining allegations of Paragraph 13 of the Counterclaim..

14. Chase submits that NRS 116.3116(2) speaks for itself and denies the allegations of Paragraph 14 of the Counterclaim to the extent they misstate the statute's terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution.

15. Chase submits that NRS 116.3116(2) speaks for itself and denies the allegations of Paragraph 15 of the Counterclaim to the extent they misstate the statute's terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution.

16. Chase submits that NRS 116.1104 and NRS 116.3116(2) speak for themselves and denies the allegations of Paragraph 15 of the Counterclaim to the extent they misstate the statutes' terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution.

17. Chase submits that NRS 116.1108 speaks for itself and denies the allegations of Paragraph 17 of the Counterclaim to the extent they misstate the statute's terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution.

18. Chase denies the allegations of Paragraph 18 of the Counterclaim.

19. Chase is without sufficient information to admit or deny the allegations of Paragraph 19 of the Counterclaim and therefore denies them.

20. Chase denies that it had proper actual notice and/or that it had constructive notice of the requirement to pay assessments to the Association and of the Association Lien. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 20 of the Counterclaim and therefore denies them.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

21. Chase denies that it had proper actual notice and/or that it had constructive notice of the requirement to pay assessments to the Association and of the Association Lien. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 21 of the Counterclaim and therefore denies them.

22. Chase admits that it received the Notice of Default. Chase denies the remaining allegations of Paragraph 22 of the Counterclaim.

23. Chase denies that it had proper actual notice and/or that it had constructive notice of the Association's foreclosure proceedings. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 23 of the Counterclaim and therefore denies them.

24. Chase admits that it received the Notice of Default. Chase denies the remaining allegations of Paragraph 24 of the Counterclaim.

25. Chase is without sufficient information to admit or deny the allegations of Paragraph 25 of the Counterclaim and therefore denies them.

26. Chase denies that it had proper actual notice and/or that it had constructive notice of the purported super-priority portion of the association lien. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 26 of the Counterclaim and therefore denies them.

27. The terms "all relevant times" and "internal policies and procedures relating to super-priority liens" are vague and undefined. Thus, Chase cannot admit or deny the allegations of Paragraph 27 of the Counterclaim and therefore denies them.

28. Chase denies the allegations of Paragraph 28 of the Counterclaim.

29. Chase is without sufficient information to admit or deny the allegations of Paragraph 29 of the Counterclaim and therefore denies them.

30. Chase submits that NRS 116.31166 speaks for itself and denies the allegations of Paragraph 30 of the Counterclaim to the extent they misstate the

5

statute's terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution. Chase further objects to the inclusion of emphasis that is not in the original staturoy language. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 30 of the Counterclaim and therefore denies them.

31. Chase is without sufficient information to admit or deny the allegations of Paragraph 31 of the Counterclaim and therefore denies them.

32. Chase is without sufficient information to admit or deny the allegations of Paragraph 32 of the Counterclaim and therefore denies them.

33. Chase is without sufficient information to admit or deny the allegations of Paragraph 33 of the Counterclaim and therefore denies them.

34. Chase denies the allegations of Paragraph 34 of the Counterclaim.

*Interests, Liens and Encumbrances Extinguished by the Association Foreclosure Sale*

35. Chase submits that the Grant, Bargain, Sale deed recorded on the Property as Instrument No. 200804020002390 is a public record that speaks for itself. Chase denies any allegation in Paragraph 35 of the Counterclaim that is inconsistent with this record. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 35 of the Counterclaim and therefore denies them.

36. Chase submits that the First Deed of Trust recorded on the Property as Instrument No. 200804020002392 is a public record that speaks for itself. Chase denies any allegation in Paragraph 36 of the Counterclaim that is inconsistent with the record. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 36 of the Counterclaim and therefore denies them.

37. Chase submits that the First Deed of Trust recorded on the Property as Instrument No. 200804020002392 is a public record that speaks for itself. Chase denies any allegation in Paragraph 37 of the Counterclaim that is inconsistent with this record.

38. Chase is without sufficient information to admit or deny the allegations of Paragraph 38 of the Counterclaim and therefore denies them.

39. Chase submits that the Assignment recorded on the Property as Instrument No. 201002240002458 is a public record that speaks for itself. Chase denies any allegation in Paragraph 39 of the Counterclaim that is inconsistent with this record. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 39 of the Counterclaim and therefore denies them.

40. Chase submits that the Notice of Default and Election to Sell recorded on the Property as Instrument No. 201008020003541 is a public record that speaks for itself. Chase denies any allegation in Paragraph 40 of the Counterclaim that is inconsistent with this record. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 40 of the Counterclaim and therefore denies them.

41. Chase submits that the Certificate State of Nevada Foreclosure Mediation Program recorded on the Property as Instrument No. 201011150000949 is a public record that speaks for itself. Chase denies any allegation in Paragraph 41 of the Counterclaim that is inconsistent with this record. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 41 of the Counterclaim and therefore denies them.

42. Chase submits that the Rescission of Election to Declare Default recorded on the Property as Instrument No. 201012060001772 is a public record that speaks for itself. Chase admits that the Rescission was recorded but denies any allegation in Paragraph 42 of the Counterclaim that is inconsistent with this record.

43. Chase submits that the Assignment recorded on the Property as Instrument No. 201109150000823 is a public record that speaks for itself. Chase admits that the Assignment was recorded but denies any allegation in Paragraph 43 of the Counterclaim that is inconsistent with this record.

7

44. Chase submits that the Substitution of Trustee recorded on the Property as Instrument No. 201304170002461 is a public record that speaks for itself. Chase admits the Substitution was recorded but denies any allegation in Paragraph 44 of the Counterclaim that is inconsistent with this record. Chase denies the remaining allegations of Paragraph 44 of the Counterclaim..

45. Chase submits that the Notice of Default and Election to Sell recorded on the Property as Instrument No. 201310290003366 is a public record that speaks for itself. Chase admits the Notice of Default was recorded but denies any allegation in Paragraph 45 of the Counterclaim that is inconsistent with this record.

46. Chase submits that the Certificate State of Nevada Foreclosure Mediation Program recorded on the Property as Instrument No. 201402030000692 is a public record that speaks for itself. Chase admits the Certificate was recorded but denies any allegation in Paragraph 46 of the Counterclaim that is inconsistent with this record.

47. Chase submits that the Notice of Trustee's Sale recorded on the Property as Instrument No. 201402030000693 is a public record that speaks for itself. Chase admits the Notice was recorded but denies any allegation in Paragraph 47 of the Counterclaim that is inconsistent with this record.

48. Chase admits that the Nevada Supreme Court issued its opinion in *SFR Investments Pool 1, LLC v. BNY Mellon, N.A.*, 334 P.3d 408 (Nev. 2014) on September 18, 2014. Chase denies the allegations of Paragraph 48 of the Counterclaim to the extent they misstate the Nevada Supreme Court's opinion.

49. Chase submits that the Request for Notice recorded on the Property as Instrument No. 2015050001158 is a public record that speaks for itself. Chase admits that the Request was recorded but denies any allegation in Paragraph 49 of the Counterclaim that is inconsistent with the record.

50. Chase admits the allegations of Paragraph 50 of the Counterclaim.

51. Chase is without sufficient information to admit or deny the

8

allegations of Paragraph 51 of the Counterclaim. Chase denies the allegations of Paragraph 52 of the Counterclaim.

### III.   FIRST CLAIM FOR RELIEF

53. Chase repeats and incorporates by reference its answers contained in Paragraphs 1 through 52.

54. Chase submits that NRS 31.010, *et seq.,* and NRS 40.010 speak for themselves and denies the allegations of Paragraph 54 of the Counterclaim to the extent they misstate the statutes' terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution or the Nevada Constitution.

55. Chase admits that it claims an interest in the Property. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 55 of the Counterclaim and therefore denies them.

56. Chase submits that NRS 116.31166-116.31168 speak for themselves and denies the allegations of Paragraph 56 of the Counterclaim to the extent they misstate the statutes' terms or fail to read them in conjunction with other relevant laws, including the U.S. Constitution and the Nevada Constitution. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 56 of the Counterclaim and therefore denies them.

57. Chase denies the allegations of Paragraph 57 of the Counterclaim.

58. Chase denies that it was "duly notified of the Association foreclosure sale," as required by applicable law. Chase denies the remaining allegations of Paragraph 58 of the Counterclaim that are specific to Chase. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 58 of the Counterclaim and therefore denies them.

59. Chase denies the allegations of Paragraph 59 of the Counterclaim.

60. Chase admits that SFR seeks an order from the Court quieting title to the Property; however, Chase denies that SFR is entitled to such an order.

## IV. SECOND CLAIM FOR RELIEF

61. Chase repeats and incorporates by reference its answers contained in Paragraphs 1 through 60.

62. Chase admits that it claims an interest in the Property. Chase is without sufficient information to admit or deny the remaining allegations of Paragraph 62 of the Counterclaim and therefore denies them.

63. Chase denies the allegations of Paragraph 63 of the Counterclaim.

64. Chase denies the allegations of Paragraph 64 of the Counterclaim.

65. Chase denies the allegations of Paragraph 65 of the Counterclaim.

66. Chase denies the allegations of Paragraph 66 of the Counterclaim.

67. Chase denies the allegations of Paragraph 67 of the Counterclaim.

### AFFIRMATIVE DEFENSES

Chase continues to investigate SFR's claims and does not waive any affirmative defenses. Chase reserves its right to amend this Answer and add any subsequently discovered affirmative defenses or claims.

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The acts alleged in the Counterclaim were the acts of third parties over whom Chase has no control or responsibility.

### Third Affirmative Defense

The subject homeowners' association foreclosure sale was not reasonable, and the circumstances of the sale violated the homeowners' association's obligation of good faith under NRS 116.1113 and duty to act in a reasonable manner.

### Fourth Affirmative Defense

SFR purchased the subject property with notice of the interest of the senior deed of trust recorded against the property and is not a *bona fide* purchaser for value.

10

### Fifth Affirmative Defense

To the extent Chase has continued to expend funds and resources to maintain and preserve the subject property after the alleged homeowners' association foreclosure sale, Chase is entitled to recoup those amounts.

### Sixth Affirmative Defense

To the extent that SFR's interpretation of NRS 116.3116 *et seq.* is accurate, the statute and Chapter 116 as a whole are void for vagueness.

### Seventh Affirmative Defense

SFR's counterclaims are barred by the Due Process clause of the U.S. Constitution and the Nevada Constitution and the Takings Clause of the U.S. Constitution.

### Eighth Affirmative Defense

The claimed homeowners' association lien, including its super-priority portion, if any, and its sub-priority portion, was satisfied prior to the subject homeowners' association foreclosure sale under the doctrines of tender, estoppel, laches, or waiver.

### Ninth Affirmative Defense

The subject homeowners' association foreclosure sale is void or otherwise insufficient to extinguish the first deed of trust based on the failure to provide proper notice of the super-priority assessment amounts in accordance with the requirements of NRS Chapter 116, federal law, and constitutional law.

### Tenth Affirmative Defense

To the extent that this defense may become applicable after further investigation and discovery, Chase asserts the subject homeowners' association foreclosure sale is void or otherwise insufficient to extinguish the first deed of trust based on the failure to comply with the requirements of NRS Chapter 116.

### Eleventh Affirmative Defense

The subject homeowners' association foreclosure sale is a voidable fraudulent

11

transfer under the Uniform Fraudulent Transfer Act (NRS 112.140 *et seq.*).

### Twelfth Affirmative Defense

The subject homeowners' association foreclosure sale is void because the price paid at the sale was grossly inadequate and because of the manner in which the sale was conducted.

### Thirteenth Affirmative Defense

The Nevada Supreme Court's opinion in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. Adv. Op. 75, 334 P.3d 408 (2014) is prospective only and does not apply retroactively in this case because the subject homeowners' association foreclosure sale occurred on August 24, 2012.

### Fourteenth Affirmative Defense

To the extent that this defense may become applicable after further investigation and discovery, Chase asserts that the subject homeowners' association foreclosure sale is void, voidable, or otherwise insufficient to extinguish the first deed of trust because the sale was tainted by fraud, oppression, or unfairness.

### Fifteenth Affirmative Defense

The operative version of NRS Chapter 116 was unconstitutional because it did not require notice to Chase or other junior lienholders.

WHEREFORE, Chase respectfully requests that the Court enter judgment in its favor and against SFR, and that the Court award Chase its costs, reasonable attorney fees, and such other relied as the Court deems proper.

Dated: December 22, 2016.

BALLARD SPAHR LLP

By: /s/ Sylvia O. Semper
    Abran E. Vigil
    Nevada Bar No. 7548
    Sylvia O. Semper
    Nevada Bar No. 12863
    100 North City Parkway, Suite 1750
    Las Vegas, Nevada 89106

*Attorneys for JPMorgan Chase Bank, N.A.*

# CERTIFICATE OF SERVICE

I certify that on December 22, 2016, and pursuant to FRCP 5, a true copy of the foregoing **PLAINTIFF/COUNTER-DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO DEFENDANT/COUNTERCLAIMANT SFR INVESTMENTS POOL 1, LLC'S COUNTERCLAIM** was filed via the Court's CM/ECF System and electronically served by the Court on all parties who have appeared in this action.

/s/ Kathy Goral
An employee of BALLARD SPAHR LLP